FILED
SUPERIOR COURT
OF GUAM

2021 JUL -7 AM 11: 46

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSALIA U.G. PANGELINAN,<br><br>          Plaintiff,<br><br>          v.<br><br>F. RANDALL CUNLIFFE as TRUSTEE OF THE DONGO TRUST, and DOES 1-20, INCLUSIVE,<br><br>          Defendants. | Civil Case No. CV0301-20<br><br>DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS OR STRIKE AFFIRMATIVE DEFENSE NO. 3; MOTION TO DISMISS COUNTERCLAIM UNDER GRCP 12(b)(6) and/or COUNT III UNDER GRCP 12(b)(1) |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 15, 2021 for stipulation on Plaintiff Rosalia U.G. Pangelinan's ("Plaintiff's") Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1) ("Motion"). Attorney Jacques G. Bronze represents Plaintiff, and Attorney Joseph C. Razzano represents Defendant F. Randall Cunliffe as Trustee of the Dongo Trust ("Defendant"). Having duly considered the parties' briefs, and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

### BACKGROUND

On March 16, 2020, Plaintiff filed the instant action asserting causes of action of quiet title and accounting against Defendant. *See* Complaint at 6-7 (Mar. 16, 2020). Plaintiff's claims involve several real properties that she and Pedro R. Pangelinan ("Pedro"), her now deceased husband, acquired as joint tenants with the rights of survivorship. *See* Amended Complaint at 2-7 (Dec. 1, 2020). Plaintiff states that Pedro unilaterally and without Plaintiff's written consent, conveyed the

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page 1 of 14

real properties to the Trustee of the Dongo Trust. Id. at 7. Plaintiff believes her lack of consent voids these conveyances under 19 G.C.A. § 6106(a). Id. at 9. Plaintiff now seeks to quiet title all the real properties as of May 11, 2018 (the date of Pedro's death) and for an appropriate accounting and payment of any net rental income following that date. Id. at 9-10.

On December 10, 2020, Defendant filed his Answer and Counterclaim to Amended Complaint. Defendant asserted multiple affirmative defenses, including Affirmative Defense No. 3, the defense of equitable estoppel. Answer at 4 (Dec. 10, 2020). Defendant argued that Plaintiff knew about the Dongo Trust, and agreed with Pedro to each transfer their own respective community interests in the real properties to the Trust. Id. at 4. Defendant claims Pedro relied upon this agreement and was unaware that Plaintiff would later sue to void the transfer. Id. at 4. Defendant even suggested Plaintiff intentionally lied and conspired with others to void these transactions from the get-go Id. at 4-5.

Defendant also filed multiple Counterclaims. Id. at 6-11. Counterclaims I and II allege that Plaintiff's sale of land used to operate Linda's Café and Dongo Apartments breached a duty of good faith imposed by a Memorandum of Understanding ("MOU") entered into on March 12, 2020. Id. at 6-8. Counterclaims III and IV assert that Plaintiff breached a fiduciary duty owed as an officer of PCR, Inc. by selling the land used to operate Linda's Café, while failing to inform the buyer that no future rental payments from Linda's Café were due. Id. at 9-10. Counterclaim IV functions as a request to set up a constructive trust until Counterclaims III and IV are resolved. Id. at 11.

On January 11, 2021, Plaintiff filed her Motion. Plaintiff seeks to dismiss Affirmative Defense No. 3 pursuant to GRCP 12(b)(6), or in the alternative strike portions of Affirmative Defense No. 3 under GRCP 12(f). Motion at 2-6 (Jan. 11, 2021). Plaintiff also moved to dismiss Counterclaims I through IV under GRCP 12(b)(6) and to dismiss Counterclaims III and IV under GRCP 12(b)(1). Id. at 6-18.

On February 22, 2021, Defendant filed his Opposition to Motion ("Opposition"). Defendant argued that Plaintiff misconstrued his Affirmative Defense No. 3, and that he did plead sufficient supportive facts. Opposition at 3-5 (Feb. 22, 2021). Defendant also contended that statements

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page 2 of 14

made within Affirmative Defense No. 3 need not be stricken. Id. at 5-7. Defendant opposed dismissing Counterclaims I-IV under GRCP 12(b)(6), alleging he pled sufficient facts to show breach of a duty to negotiate in good faith (Counterclaims I & II) and breach of the fiduciary duty of loyalty imposed on Plaintiff as an officer (Counterclaims III & IV). Id. at 7-12. Defendant also argued that he had standing to bring Counterclaims III and IV because of his status as a PCR, Inc. shareholder.

On March 8, 2021, Plaintiff filed his Reply to Opposition ("Reply"). Plaintiff argued that Affirmative Defense No. 3 remains insufficiently pled because the underlying property conveyance was void under 19 G.C.A. § 6106(a). Reply at 1-3 (Mar. 8, 2021). Plaintiff also reiterated that when reading the MOU as a whole, a mutual termination provision prevents liability for breaching the duty to negotiate in good faith (which Counterclaims I and II are based on). Id. at 4-8. Lastly, Plaintiff argues that Counterclaims III and IV are barred by the same mutual termination provision and they remain insufficiently pled regardless. Id. at 8-13.

The parties submitted a stipulation for the Court to decide this matter on the briefs. See Stipulation (Apr. 15, 2021). The Court then took the matter under advisement on that date.

## DISCUSSION

**I. Plaintiff's Motion to Dismiss Affirmative Defense No. 3 is denied because Defendant pled sufficient facts necessary to support the defense.**

Defendant put forward a theory of equitable estoppel in Affirmative Defense No. 3. See Answer at 4 (Dec. 10, 2020). Under Guam case law, four elements must be proven to establish the defense of equitable estoppel and they are as follows:

1. The party to be estopped must be apprised of the facts;

2. He must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon;

3. The party asserting the estoppel must be ignorant of the true state of the facts; and

4. He must rely upon the conduct to his injury. See Mobil Oil Guam, Inc. v. Young Ha Lee, 2004 Guam 9 ¶ 24 (citations omitted).

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **3** of **14**

Plaintiff seeks to dismiss Affirmative Defense No. 3 pursuant to GRCP 12(b)(6). Motion at 2-4 (Jan. 11, 2021). However, GRCP 12(b)(6) concerns "failure to state a *claim* upon which relief can be granted" and the issue here is a *defense*. *See Huffman v. Remstar Int'l Inc.*, 2009 WL 1445967, *1 (E.D. Tex. 2009) ("A Rule 12(b)(6) motion is not proper for dismissing a defendant's affirmative defenses."). "Accordingly, this Court will construe Plaintiff's motion as a motion to strike under Rule 12(f)." Id. at *1.

Under GRCP 12(f), "the court may order stricken from any pleading any insufficient defense." GRCP 12(f). Plaintiff believes Affirmative Defense No. 3 is insufficient for lacking any facts as to the third element of the equitable estoppel test. Motion at 3 (Jan. 11, 2021).

In *Mobil Oil Guam, Inc.*, the Guam Supreme Court held that "no estoppel can arise where all the parties interested have equal knowledge of the facts, or where the party setting up the estoppel is chargeable with notice of the facts, or is equally negligent or at fault." *Mobile Oil Guam, Inc.* at ¶ 26 (citing *Scottsbluff National Bank v. Blue J. Feeds, Inc.*, 54 N.W.2d, 293, 402 (Neb. 1952).

As Plaintiff points out, Affirmative Defense No. 3 is devoid of any allegations that Pedro was truly ignorant of the fact that he could not unilaterally convey these real properties without Plaintiff's consent. Pedro is chargeable with notice of the fact that Plaintiff's signature was required on conveyances concerning real property they owned as joint tenants with rights of survivorship. This is because the 12 previous deeds conveying real property they owned as joint tenants with rights of survivorship all contained Plaintiff's signature or Pedro using the General Power of Attorney given to him. *See* Amended Complaint, Exhibits 2-12 (Dec. 1, 2020).

However, the estoppel in this case does not arise from whether Pedro's real property conveyance to Dongo Trust was a final transfer. Instead, the estoppel in this case arises from Plaintiff's statements and feigned agreement to allow Pedro to conduct his estate planning in the manner they established. Affirmative Defense No. 3 contains allegations that Defendant

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **4** of 14

did not know of Plaintiff's ulterior motive when she agreed to the Dongo Trust transfer, and that he did not know her agreement was insincere. Affirmative Defense No. 3 states that:

- "Plaintiff knew about the Trust Executed by Mr. Pangelinan."

- "Plaintiff did not object while Mr. Pangelinan was alive to the transfer of the properties to the Dongo Trust."

- "Plaintiff agreed to allow Mr. Pangelinan to transfer his community interests in the properties so that she could also transfer her community interests according to her wishes."

- "Mr. Pangelinan and Defendant did not know she would later sue to void the transactions." Answer at 4-5 (Dec. 10, 2020).

Defendant here has laid out evidence showing that he and Pedro were ignorant of the actual facts related to Plaintiff's feigned agreement. Pedro did not know of Plaintiff's ulterior motive or plan to later void the transactions and only transferred his community interests in the properties under a belief that Plaintiff would follow as well. This is enough to support Affirmative Defense No. 3 and it is not proper to dismiss this defense.

## II. Plaintiff's Motion to Strike Affirmative Defense No. 3 is denied.

Since Affirmative Defense No. 3 will not be dismissed under GRCP 12(b)(6) nor 12(f), the Court next turns to Plaintiff's alternative request to strike portions of Affirmative Defense No. 3 under GRCP 12(f).

GRCP 12(f) allows the court to strike "any… redundant, immaterial, impertinent or scandalous matter" from any pleading. GRCP 12(f).

### a. Defendant's statement that "Plaintiff may have lied" should not be stricken as scandalous or immaterial because it exists to support Defendant's estoppel defense.

Plaintiff first seeks to strike, as scandalous, Defendant's allegations that "Plaintiff may have lied and or conspired with others to void these transactions after Mr. Pangelinan's death." Motion at 4 (Jan. 11, 2021).

"Statements are to be stricken as 'scandalous' only when they contain allegations 'that unnecessarily reflect on the moral character of an individual or state

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **5** of **14**

anything in repulsive language that detracts from the dignity of the Court.'" *Corbell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004) (quoting 2 Moore's Federal Practice § 12.37[3] at 12-97).

However, this statement exists to support Defendant's estoppel defense rather than to shed light on Plaintiff's moral character. As highlighted above, Defendant's estoppel defense centers around Defendant's ignorance concerning Plaintiff's feigned agreement to transfer her community interest. Proving that Plaintiff lied from the get-go and never intended to uphold this agreement is important towards proving Plaintiff's knowledge of this fact (and thus element one of the estoppel test). *See Mobil Oil Guam, Inc.* at ¶ 24.

Plaintiff also seeks to strike this statement as an "immaterial" civil conspiracy claim outside the scope of Defendant's affirmative defenses. Motion at 5 (Jan. 11, 2021). Plaintiff is once again misinterpreting this statement's purpose. The statement in question does not constitute a claim for civil conspiracy nor does it argue for a defense based on civil conspiracy. Instead, the statement exists to support Defendant's equitable estoppel defense concerning Plaintiff's feigned agreement to the community interest transfers. The Motion to Strike this portion of Affirmative Defense No. 3 is denied.

**b. Defendant's statement that properties Mr. Lujan purchased "are most likely future subjects of this or future litigation" should not be stricken as immaterial or impertinent.**

Plaintiff also seeks to strike, as immaterial and impertinent, Defendant's allegations that "Recently, Mr. David Lujan, Mr. Pangelinan's attorney and longtime business partner began purchasing properties from Plaintiff which are most likely future subjects of this or future litigation." Motion at 5 (Jan. 11, 2021).

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **6** of **14**

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief and 'impertinent' matter consists of statements that do not pertain to, and are not necessary to resolve the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005) (citing, *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

In this instant case, the two properties purchased by Mr. David Lujan are not the subject of this litigation. However, Plaintiff has admitted to discussing "the existence of the Dongo Trust and her community property interests in properties owned with Mr. Pangelinan with Attorney David J. Lujan." *See* Declaration of Joseph C. Razzano, Exhibit A (Feb. 22, 2021). Plaintiff's discussions and dealings with Mr. Lujan are thus relevant because it's likely they discussed aspects of this case. The statement should not be stricken as immaterial or impertinent.

III. **Plaintiff's Motion to Dismiss Counterclaims I & II under GRCP 12(b)(6) is granted. Plaintiff's Motion to Dismiss Counterclaims III & IV under GRCP 12(b)(6) is denied.**

Defendant next seeks to dismiss Counterclaims I-IV under GRCP 12(b)(6) (failure to state a claim upon which relief can be granted). Motion at 6 (Jan. 11, 2021).

Dismissal under Rule 12(b)(6) is appropriate when "it appears beyond doubt that the" claimant "can prove no set of facts in support of his claim which would entitle him to relief." *Guam Police Dep't. v. Guam Civil Serv. Comm'n*, 2020 Guam 12 ¶ 8. "In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all the well-pleaded facts as true" and "construe the pleading in the light most favorable to the non-moving party." Id. at ¶ 8 (citing *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). However, the court is not required to accept allegations that are contradicted by documents or exhibits attached to, or referred to, in the complaint. *See Narvasa v. U.S. Bancorp*, 713 Fed.Appx. 728, 729 (9th Cir. 2018). In addition, where, as here, the opposing party's claims are based on a contract, and the parties' intent can be determined from the fact of that contract, interpretation is a matter of law for the court. *See Duenas v. George & Matilda Kallingal, P.C.*, 2012 Guam 4 ¶ 13.

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page 7 of 14

### a. Counterclaims I & II are dismissed with prejudice because breach of a duty to negotiate in good faith is barred by the unambiguous terms of the MOU.

Counterclaims I and II allege that Plaintiff's sale of her ownership interests in two real properties subject to the MOU (Linda's Café and Dongo Apartments), constitutes a breach of the duty of good faith imposed by the MOU. Answer at 7-8 (Dec. 10, 2020). Because Defendant attached a copy of the MOU to his Counterclaims, it is a part of his pleadings for all purposes, including consideration of this Motion to Dismiss. GRCP 10(c).

To establish a breach of contract claim, the claimant must prove "(1) The existence of the contract, (2) The Plaintiff's performance or excuse for nonperformance, (3) The Defendant's breach, and (4) Resulting damages to the Plaintiff." *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 19.

Based on the clear and unambiguous language of the MOU, Defendant cannot establish that Plaintiff breached the MOU. The duty of good faith that Plaintiff allegedly violated is identified in § 1 of the MOU, which provides, as follows:

> Duty to Negotiate in Good Faith. The parties contemplate preparation of a more detailed settlement agreement containing terms and conditions that are customary for a transaction of the nature contemplated in this Agreement, and they do not intend this Agreement to constitute a binding agreement for the settlement of the claims relating to the Real Properties identified on Exhibit "A," and/or the purchase of the Stock [of PCR, Inc.] by the Owner. Nothing herein prohibits the parties from considering the sale of PCR, Inc., as well.

> Further efforts by either party to perform due diligence, or carry out other acts in contemplation of the possible negotiations and settlement relating to the Real Properties and/or the sale of the Stock may not be deemed evidence of intent by either party to be bound by this agreement. The performance by either party before execution of a formal contract of any of the obligations that may be included in a contract between the parties when negotiations are completed will not be considered evidence of intent by either party to be bound by this agreement. Despite the foregoing, it *is understood and agreed that this nonbinding agreement binds the parties to negotiate in good faith for a period of at least ninety (90) days from completion of the Studies for the negotiation and completion of a definitive written agreement for the settlement of the claims relating to the Real Properties* and/or the purchase of the Stock by the Owner or the sale of PCR, Inc. The parties may mutually agree to extend the above 90 day period for another 60 days.

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **8** of 14

Answer, Exhibit D (Dec. 10, 2020) (emphasis added).

The MOU is a nonbinding, unenforceable agreement to agree, except as to the obligation to negotiate in good faith for a specified period of time. Even this one obligation is limited, however, as § 7 of the MOU provides that:

> No implied covenants attach to this Agreement including… the implied covenant of good faith… *Either party may… unilaterally terminate all negotiations with the other party with respect to the subject matter of this Agreement without liability of any kind whatsoever, and without explanation, cause or reason at any time prior to execution of a definitive settlement agreement.*"

Id. at Exhibit D (emphasis added).

In the face of the MOU's clear language, Defendant's breach-of-contract claim fails to state a claim as a matter of law because it alleges no breach of contract attributable to the Plaintiff. The duty to negotiate in good faith was terminable at the will of either party, without explanation, cause, or reason at any time. This termination clause, once exercised, "overrides any obligation of the parties to negotiate." *Denier v. Sotheby's Int'l Realty, Inc.*, 2019 WL 1723489, *3 (Cal. Ct. App. 2019). Plaintiff exercised this power of termination when she agreed to sell the two properties in question to a third party. Defendant claims evidence of this sale goes beyond the pleadings and may not be considered in the Motion to Dismiss. Opposition at 8 (Feb. 22, 2021). However, the dismissal of Defendant's Counterclaims I and II is mandated by nothing more than the terms of his own Answer and the accompanying exhibits. In both Counterclaims I and II, Defendant introduced these sales as fact. *See* Answer at 7-8 (Dec. 10, 2020) ("By selling this property that is subject to the MOU, Plaintiff has breached the duty of good faith.").

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **9** of 14

In light of the nonliability language contained within the MOU, Defendant has pled no set of facts to support breach of the duty to negotiate in good faith. Furthermore, no construction of the MOU language's plain meaning would result in a legitimate opportunity for Defendant to amend Counterclaims I and II to state a cause of action. Therefore, Counterclaims I and II are dismissed with prejudice.

**b. Counterclaims III & IV should not be dismissed because Defendant has laid out all elements for a cause of action of breach of a fiduciary duty owed by an officer.**

Counterclaim III and IV assert that Plaintiff breached a fiduciary duty owed as an officer of PCR, Inc., by selling the land used to operate Linda's Café, while failing to inform the buyer that no future rental payments from Linda's Café were due. Answer at 9-10 (Dec. 10, 2020). PCR, Inc.'s stock value fell substantially after this allegedly unlawful sale. Id. at 10. Counterclaim IV functions as a request to set up a constructive trust until Counterclaims III and IV are resolved. Id. at 11.

Plaintiff first contends Counterclaims III and IV are tied to a supposed breach of obligations imposed by the MOU and therefore warrant dismissal in the same manner as Counterclaims I and II. Motion at 10-11 (Jan. 11, 2021). However, these claims are not based as breach of the MOU itself. Only Counterclaims I and II allege "breach of the Memorandum of Understanding." *See* Answer at 7 (Dec. 10, 2020). Counterclaims III and IV allege breach of fiduciary duties owed as an Officer of PCR, Inc.

Furthermore, Plaintiff contends that the MOU must govern Counterclaims III and IV because the parties agreed to resolve all disputes relating to the PCR stock through the MOU. Motion at 11 (Jan. 11, 2021). However, this dispute concerns the sale of a real property interest rather than stock, and is therefore not governed by the MOU.

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1) CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive* Page **10** of 14

"The elements of a cause of action for breach of fiduciary duty are (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach."

Here, Defendant has alleged that both Plaintiff and Defendant were shareholders of PCR, Inc. Answer at 8 (Dec. 10, 2020). Defendant has alleged that Plaintiff was an Officer of PCR, Inc. and thus owed a fiduciary duty to Defendant. Id. at 9. Defendant had alleged that Plaintiff breached that duty when she sold the land used by PCR, Inc. as the sale was not in the shareholder's best interests. Id. at 9. Defendant has alleged damages suffered as a result of that breach. Id. at 10. These are enough facts to support both Counterclaims III and IV for breach of fiduciary duty.

Plaintiff argues that since this property interest was her own individually owned asset, her fiduciary duties do not extend to it. Motion at 12 (Jan. 11, 2021). However, the use of this property was an asset of PCR, Inc. because PCR, Inc. used the land rent-free and their survival depended on this very property on which the business operated. Answer at 8 (Dec. 10, 2020); Opposition at 11 (Feb. 22, 2021). Taking all facts as true, Defendant has pled enough facts to sustain his Counterclaims III and IV for breach of fiduciary duty.

Lastly, Plaintiff argues that Counterclaim IV must fail because it functions as a request for an equitable remedy (constructive trust) rather than a separate substantive claim. Motion at 13 (Jan. 11, 2021). However, the Court recognizes that constructive trusts, as equitable remedies, may be pleaded as distinct claims for practical reasons. *See Wildin v. FCA US LLC*, 2018 WL 3032986, *7 (S.D. Cal. 2018) (allowing plaintiffs to plead equitable relief in the alternative to legal relief). Counterclaim IV can thus proceed, as its base claim (Counterclaim III) was appropriately laid out.

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **11** of **14**

## IV. Motion to Dismiss Counterclaims III & IV Under GRCP 12(b)(1) is denied because Defendant has pled all elements necessary to establish standing and subject matter jurisdiction.

Plaintiff finally claims that Counterclaims III and IV must be dismissed under GRCP 12(b)(1) for lack of subject matter jurisdiction. Motion at 13-18 (Jan. 11, 2021). A claim may be dismissed for lack of jurisdiction over the subject matter. GRCP 12(b)(1). "Standing is a requirement of subject matter jurisdiction that must be determined as of the date of filing of the complaint. *Hemlani v. Melwani*, 2016 Guam 33 ¶ 17. If the claimant has no standing, "the trial court has no subject matter jurisdiction and its only course of action is to... dismiss the case." Id. at ¶ 17.

To establish standing, the claimant bears the burden of proving that (1) he suffered an injury in fact, (2) there is a causal connection between the injury and the defendant's conduct, and (3) a favorable decision will likely remedy the injury. *United Pac. Islander's Corp. v. Cyfred, Ltd.*, 2017 Guam 6 ¶ 17. The court may consider matters outside the pleadings when determining standing, and is free to review any evidence to resolve the existence of its subject-matter jurisdiction. *Linsangan v. Gov't of Guam*, 2020 Guam 27 ¶ 38 n.6.

Both Counterclaims III and IV assert that Plaintiff's breach of fiduciary duty caused injury to PCR, Inc. and Defendant as a shareholder. Answer at 8-11 (Dec. 10, 2020). Defendant suffered an injury because his "ownership as a shareholder in PCR, Inc. has been devalued." Id. at 10. This injury was attributable to the Plaintiff since Plaintiff's actions "caused the stock price of PCR, Inc. to become essentially worthless." Id. at 10. A favorable decision would likely remedy Defendant's injury because his injuries were financial in nature. Id. at 10-11. Defendant has thus shown all necessary elements of subject-matter jurisdiction and can proceed with Counterclaims III and IV.

Plaintiff claims that Defendant can't bring Counterclaims III and IV because he provided no proof that the Dongo Trust is a shareholder of PCR, Inc. Motion at 16-17 (Jan. 11, 2021). However, Defendant clearly stated that "the shareholders of PCR, Inc. are

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **12** of 14

Plaintiff and Defendant." Answer at 8 (Dec. 10, 2020). Furthermore, in Attorney Razzano's declaration, he established that the Dongo Trust owns 18,000 shares of PCR, Inc. *See* Razzano Declaration (Feb. 22, 2021). Plaintiff challenging this stock ownership creates a factual dispute that must be resolved at trial rather than in a Motion to Dismiss. The Motion to Dismiss Counterclaims III and IV must be denied accordingly.

Lastly, Plaintiff argues that Counterclaims III and IV are improper personal claims for injuries based on Defendant's own stock devaluation rather than mandated derivative suits on PCR Inc.'s behalf. Motion at 15 (Jan. 11, 2021). Shareholders "do not have standing to pursue personal claims for injuries the corporation suffered," but must instead, if permitted, "bring a derivative suit on the corporation's behalf." *Arnold v. Melwani*, No. CV. 09-00030 DAE, 2013 WL 205430, *20 (D. Guam 2013).

However, Defendant still has standing to bring this claim even if it were classified as a derivative claim. To have standing to assert a derivative claim, one must (a) be "a shareholder of the corporation at the time of the act or omission complained of or become a shareholder through transfer by operation of law from one who was a shareholder at that time" and (b) "fairly and adequately" represent "the interests of the corporation in enforcing the right of the corporation." 18 G.C.A. § 28721. Here, the Defendant has alleged that he is a shareholder of PCR, Inc. *See* Answer at 8 (Dec. 10, 2020). Defendant has also alleged he is fairly and adequately representing the corporation's interests because he is a current shareholder and is suing for harm done to PCR, Inc. Id. at 10. Thus, Counterclaims III and IV may proceed regardless.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

- Plaintiff's Motion to Dismiss Affirmative Defense No. 3 is *denied* because there are sufficient facts necessary to support the defense.

- Plaintiff's Motion to Strike Portions of Affirmative Defense No. 3 is *denied* because the statements in question are neither scandalous, immaterial, nor impertinent.

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **13** of **14**

- Plaintiff's Motion to Dismiss Counterclaims I and II under GRCP 12(b)(6) is *granted* because breach of a duty to negotiate in good faith is barred by the unambiguous terms of the MOU.

- Plaintiff's Motion to Dismiss Counterclaims III and IV under GRCP 12(b)(6) is *denied* because Defendant laid out all elements for a cause of action concerning breach of a corporate officer's fiduciary duties.

- Plaintiff's Motion to Dismiss Counterclaims III and IV under GRCP 12(b)(1) is *denied* because Defendant has pled all elements necessary to establish standing and subject matter jurisdiction.

**IT IS SO ORDERED** this ___July 7, 2021___.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_Jackie Terlaje_
_J. RAZZANO , BRONZE_

Date: _____ Time: 7/7/21
__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam

Decision and Order Granting In Part and Denying In Part Plaintiff's Motion to Dismiss or Strike Affirmative Defense No. 3; Motion to Dismiss Counterclaim Under GRCP 12(b)(6) and/or Count III Under GRCP 12(b)(1)
CV0301-20, *Rosalia U.G. Pangelinan v. F. Randall Cunliffe as Trustee of The Dongo Trust & Does 1-20, Inclusive*
Page **14** of **14**